PROPERTY
The amended language of 60 O.S. 176 [60-176] (1976), does not limit the purposes for which a public trust can be created. Public trusts can be created for the furtherance, or the providing of funds for the furtherance, of any public function of the beneficiary except as prohibited in 60 O.S. 178.4 [60-178.4] (1976), and 62 O.S. 652 [62-652] (1976). The Attorney General has received your request for an opinion wherein you ask, in effect, the following question: Does the amended language of 60 O.S. 176 [60-176] (1976) limit the purposes for which a public trust can be created to essentially funding activities, or does the language leave as a permissible function the furtherance of any authorized or proper function of beneficiary? The language of 60 O.S. 176 [60-176] (1971) formerly read, in part: "Express trusts may be created . . . if . . . the purpose thereof may be the furtherance, or the providing of funds for the furtherance, or any authorized or proper function of the said beneficiary." By way of amendment, the Oklahoma Legislature in 1976 enacted House Bill No. 1651 and changed the statute to read, in part: "Express trusts may be created to issue obligations and to provide funds for the furtherance and accomplishment of any authorized and proper public function or purpose of the state or of any county or municipality . . ." The question presented can best be answered by examination of (1) judicial interpretations of the older version of Section 176, (2) the nature of public trusts, and (3) newly added statutes which supplement 60 O.S. 176 [60-176]. First we must examine the judicial interpretations of Section 176 prior to the 1976 amendments. The section had consistently been held to give public trusts authority not only to raise and provide funds, but also to actively control the projects for which those funds were procured. In Board of County Commissioners v. Warram, 285 P.2d 1034 (Okl. 1955), the Supreme Court of Oklahoma recognized a public trust's authority to actively participate in trust projects as well as to raise funds for the projects. The Court said in its syllabus: "A valid trust in property, with a governmental entity as beneficiary, may be created for the furtherance, or the providing of funds for the furtherance, of any public function which the governmental entity might be authorized by law to perform . . . ." (Emphasis added) The Court reaffirmed its position in Shipp v. Southeastern Oklahoma Industries Authority,498 P.2d 1395 (Okl. 1972), when it stated: ". . . insofar as 60 O.S. 176 [60-176] (1961) and 60 O.S. 176 [60-176] (1971) is concerned, a public trust with the State of Oklahoma as the beneficiary thereof may be created for the purpose of performing any of those authorized functions and/or providing funds for the performance of any of those functions." The language of these decisions clearly indicates that Section 176 had always recognized a dual function of public trusts, i.e., to perform authorized functions of the beneficiary and/or to provide funds for the performance of such functions. Secondly, we must consider the nature of a public trust itself. In addition to those assets conveyed by the trustor in the creation of the trust, a public trust's primary source of funds occurs in the issuance of revenue bonds. The purchaser of this type of bond issue must normally rely on the bond proceeds being utilized in such a manner that revenue will be generated to retire his investment. As such, the purchaser contractually looks to the public trust, as the issuer, for assurance that his investment is financially sound and will be repaid. To give adequate assurances the public trust covenants that the bond proceeds will be expended for specified purposes and that the revenues realized from such expenditures will be retained in a specified manner for the retirement of the issued revenue bonds. The only way the trust can effectively fulfill its obligations is to maintain control over the use of the bond proceeds and resulting revenues. To relinquish all control of trust funds to the beneficiary would place the trust in a position of being unable to fulfill its contractual obligations to bond purchasers. It is extremely doubtful that the Legislature would expressly provide a means to raise funds on a contractual basis, i.e., through the issuance of revenue bonds, and, at the same time, allow the trust to be placed in a position where it could not meet its contractual obligations. The nature of revenue bonds requires that the trust, not the beneficiary, be bound to the purchasers, and implies that the trust has to maintain control over the use of the funds and perform the functions for which the funds are dedicated. Finally, we must consider supplemental statutes added at the time 60 O.S. 176 [60-176] was amended. Several limitations as to the activities of public trusts are enumerated in 60 O.S. 178.4 [60-178.4] (1976). The listing of such limitations evidences legislative intent that activities outside the scope of those limitations are authorized. Title 60 O.S. 178.6 [60-178.6] (1976) recognizes the existence of: ". . . public trusts operating county, municipal or non-profit hospitals; public trusts operating college or educational dormitories or student housing facilities; trusts formed for the purpose of constructing buildings for local units of the Department of Institutions, Social and Rehabilitative Services . . . ." Such language evidences intent on the part of the Legislature that public trusts actively participate in specific endeavors, not just provide funds. In particular, words such as "operating" and "constructing" imply an active role on the part of the trust. In the enactment of House Bill No. 1651 the 1976 Legislature not only made amendments and additions to the public trust statutes, but also amended the Local Industrial Development Act, 62 O.S. 651 [62-651] — 62 O.S. 664 [62-664] (1971). 62 O.S. 652 [62-652] [62-652]; 62 O.S. 653 [62-653] and 62 O.S. 654 [62-654] [62-654] of said Act formerly read: "Any municipality and any county is hereby authorized to own, acquire, construct, reconstruct, extend, equip, improve, maintain, sell, lease, contract concerning, or otherwise deal in or dispose of any lands, buildings or facilities of any and every nature whatever that can be used in securing or developing industry within or near the municipality or county." "Municipalities and counties are hereby authorized to use any available revenues for the accomplishment of the purposes set forth in Section 2 hereof, and are hereby authorized, as hereinafter provided, to accomplish such purposes under the terms and provisions of 60 O.S. 176 [60-176] — 60 O.S. 180 [60-180] (1951), inclusive, as amended by 60 O.S. 1 [60-1] and 60 O.S. 2 [60-2], Chapter 4, page 277, Oklahoma Session Laws 1953 (60 O.S. 176 [60-176] and 60 O.S. 177 [60-177] (1959)), relating to public trusts, either alone or together with other available funds and revenues." "(a) Revenue bonds may be issued by a Public Trust as referred to in 60 O.S. 2652 [60-2652] above, for the purposes set forth in 60 O.S. 2652 [60-2652] and 60 O.S. 3653 [60-3653] hereof . . . ." 62 O.S. 652 [62-652] [62-652] and 62 O.S. 653 [62-653] were amended by House Bill No. 1651 to read as follows: "Any municipality and any county is hereby authorized to own, acquire, construct, reconstruct, extend, equip, improve, maintain, sell, lease, contract concerning, or otherwise deal in or dispose of any lands, buildings, or facilities of any and every nature whatever that can be used in securing or developing industry within or near the municipality or county. Industry as referred to herein shall not include any trust purpose, function nor activity: in any wholesale outlet, unless said wholesale outlet is located on the same premises with and is a direct part of the industry; nor shall it include a retail outlet unless said retail outlet is operated in conjunction with and on the same premises as the industrial, manufacturing, cultural, recreational, parking, transportation or airport facility; nor shall it include a residential enterprise or function except as provided in Section 13 60 O.S. 178.6 [60-178.6] (1976) hereof." "Municipalities and counties are hereby authorized to use any available revenues for the accomplishment of the purposes set forth in 62 O.S. 652 [62-652] hereof." The change in Section 62 O.S. 652 [62-652] is similar to the prohibitions contained in the 1976 enactment of 60 O.S. 178.4 [60-178.4], supra, which states: "Trusts created under the provisions of Sections 60 O.S. 176 [60-176] -60 O.S. 180.55 [60-180.55] hereof or any amendments or extensions thereof shall not include any trust purpose, function or activity: in any wholesale outlet, unless said wholesale outlet is located on the same premises with and is a direct part of the industry; nor shall it include a retail outlet unless said retail outlet is operated in conjunction with and on the same premises as the industrial, manufacturing, cultural, recreational, parking, transportation or airport facility; nor shall it include a residential enterprise or function except as provided in Section 13 60 O.S. 178.6 [60-178.6] (1976) hereof." While the enactment of 60 O.S. 178.4 [60-178.4] applies to all public trusts, including those operating under the Local Industrial Development Act, the amendment to 62 O.S. 652 [62-652] of said Act emphasizes that the Legislature intended for all public trusts to be under the specified restrictions. It must be noted that the Legislature did not amend 62 O.S. 654 [62-654] of the Act and public trusts can perform those functions of the beneficiary authorized in 62 O.S. 652 [62-652] and 62 O.S. 653 [62-653] when operating under the Act. It is also of value to note that the language of 60 O.S. 180.4 [60-180.4] (1976), which became law in 1972, was not changed in the adoption of the 1976 amendments and additions. 60 O.S. 180.4 [60-180.4] provides, in part: "Corporation Commission shall have the general supervision over trusts created for the benefit and furtherance of a public function pursuant to 60 O.S. 176 [60-176] et seq., where: "2. A water supply system is operated by the trust or a person or entity to which such function has been delegated; and ". . . "4. The beneficiaries do not regulate the rates, charges and practices of the water supply system. "B. The Corporation Commission shall also have general supervision over any person or entity to whom the function of operating a water supply system has been delegated by such a trust . . . ." This language largely parallels that of 60 O.S. 176 [60-176] (1971) as it formerly read, and together with the 1976 enactments of 60 O.S. 178.4 [60-178.4] and 60 O.S. 178.6 [60-178.6] and the amendments to 62 O.S. 652 [62-652] and 62 O.S. 653 [62-653], suggest that the Legislature intended no change in the functions of public trusts. It is, therefore, the opinion of the Attorney General that your question be answered as follows: The amended language of 60 O.S. 176 [60-176] (1976) does not limit the purposes for which a public trust can be created. Public trusts can be created for the furtherance, or the providing of funds for the furtherance, of any public function of the beneficiary except as prohibited in 60 O.S. 178.4 [60-178.4] and 62 O.S. 652 [62-652] (1976). (MIKE D. MARTIN)